IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 16-cv-01864-MSK

SYNDA SHALLAN MUIRHEAD,

    Plaintiff,

v.

NANCY BERRYHILL, Acting Commissioner of the Social Security Administration,

    Defendant.

## OPINION AND ORDER REVERSING AND REMANDING DISABILITY DETERMINATION

**THIS MATTER** comes before the Court as an appeal from the Commissioner's Final Administrative Decision ("Decision") determining that the Plaintiff Synda Shallan Muirhead is not disabled within the meaning of §§216(i) and 223(d) of the Social Security Act. Having considered all of the documents filed, including the record **(#14)**, the Court now finds and concludes as follows:

### JURISDICTION

The Court has jurisdiction over an appeal from a final decision of the Commissioner under 42 U.S.C. § 405(g). Ms. Muirhead sought disability insurance benefits Title II of the Social Security Act based on physical impairments that rendered her unable to work as of July 30, 2010. The state agency denied her claim. She requested a hearing before an Administrative Law Judge ("ALJ"), who issued an unfavorable decision. Ms. Muirhead appealed to the Appeals Council, which denied her request for review, making the ALJ's determination the final decision of the Commissioner. Ms. Muirhead timely appealed to this Court.

1

## STATEMENT OF FACTS

The Court offers a brief summary of the facts here and elaborates as necessary in its analysis.

Ms. Muirhead was born on February 19, 1969. She graduated from High School and has worked cleaning houses, as a cashier, as an administrative clerk, and as a ventilation equipment tender. She contends that physical and mental impairments prevent her from working.

In 2005, Ms. Muirhead underwent surgery on her lower back to replace two discs, which did not have a significant beneficial effect. On July 30, 2010, a semi-truck rear ended her vehicle, causing her to suffer additional injuries to her neck and back. She also complain s of chronic pain, carpal tunnel syndrome, anxiety, and depression.

**Treatment and Opinions by Treating Professionals**

Jeffrey Donner, M.D. has treated Ms. Muirhead for her back problems since 2004 and has performed a number of surgeries and more conservative procedures in an attempt to provide her with relief. Dr. Donner filled out a Physical Medical Source Statement in support of Ms. Muirhead's disability claim. According to Dr. Donner, she can only sit or stand for thirty minutes at one time and less than two hours in an eight-hour working day; she requires three to four unscheduled breaks during a workday that would each last for fifteen to twenty minutes; she can lift less than ten pounds occasionally and ten pounds rarely but she should never lift twenty pounds or more; she can rarely twist, stoop, crouch/squat, and climb stairs but should never climb ladders; she has significant limitations with reaching, handling, and fingering in that she can grasp, turn, or twist objects 50% of the time during an eight-hour workday, perform fine manipulations with her fingers 80% of an eight-hour workday, and reach in front of herself for 30% of an eight-hour workday but could not reach overhead at all. Dr. Donner further opined

that Ms. Muirhead would be off task for 25% or more of an eight hour work day, is capable of low stress work, and would be absent from work for more than four days per month.

Orrie Clemens, M.D., a pain treatment specialist, began seeing Ms. Muirhead on Dr. Donner's referral in 2006 to address chronic pain. Dr. Clemens completed a Physical Medical Source Statement stating she can only sit for thirty to forty-five minutes at a time, stand for thirty minutes at a time, sit for about two hours in an eight-hour workday, and stand or walk for less than two hours in an eight hour workday; she requires four to five unscheduled breaks during a workday that would each last for twenty minutes; she can lift less than ten pounds rarely but should never lift twenty pounds or more; she should never twist or climb ladders but can rarely stoop, crouch/squat, and climb stairs; during an eight-hour workday, she can grasp, turn, or twist objects 10% of the time with her right hand and 15% with her left hand, perform fine manipulations with her fingers 10%, reach in front of herself for 10%, and reach overhead for 10% of the time. Dr. Clemens further opined that Ms. Muirhead would be off task for 25% or more of an eight hour work day, was capable of low stress work, and would be absent more than four days per month.

**Opinions by Non-treating Professionals**

On September 5, 2013, James McElhinney, reviewed Ms. Muirhead's file but did not examine her. He opined that Ms. Murihead could frequently lift up to ten pounds, stand or walk for a total of four hours in an eight-hour workday, and sit about six hours in an eight-hour workday. He further opined that she can push or pull without limitation as long as it does not involve more than ten pounds; she can climb ramps or stairs occasionally, stoop frequently, kneel occasionally, crouch frequently, and crawl occasionally but should never climb ladders, ropes, or scaffolds; although there are no limitations as to her ability to handle, finger, and feel, she has the

3

limited ability to reach overhead; and, finally, she should not be exposed to unprotected heights.

## THE ALJ'S DECISION

The ALJ analyzed his case pursuant to the sequential five-step inquiry. At step one, the ALJ found that Ms. Muirhead had not worked or engaged in substantial gainful activity from the alleged onset date of July 30, 2010. At step two, the ALJ found Ms. Bond had medically severe impairments of bilateral trochanteric bursitis, degenerative disc disease status-post artificial discs and fusions, and chronic pain syndrome. At step three, the ALJ found that Ms. Muirhead's impairments did not equal the severity of a listed impairment in the appendix of the regulations. At step four, the ALJ first assessed Ms. Muirhead's Residual Functional Capacity ("RFC") and determined that:

> [Ms. Muirhead] has the residual functional capacity to perform a range of sedentary work as defined in 20 CFR 404.1567(a). Specifically, the claimant is able to lift up to ten pounds occasionally. She is able to stand/walk for about four hours and sit for up to six hours in an eight-hour workday, with normal breaks. She should be allowed to sit or stand alternatively, provided she is not off task more than 15-percent of the work period. She is occasionally able to push/pull bilaterally. The claimant is unable to climb ladders/ropes/scaffolds, but is occasionally able to climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. She is unable to reach overhead bilaterally, but is frequently able to reach in all other directions bilaterally. She is able to engage in frequent bilateral handling and fingering. She should avoid all exposure to unprotected heights and use of moving machinery.

The ALJ then found that Ms. Muirhead could not perform her past relevant work. However, at step five, the ALJ found that Ms. Muirhead could perform jobs that exist in significant numbers in the national economy, and thus, she was not disabled.

## ISSUES PRESENTED

Ms. Muirhead raises two objections to the ALJ's decision: (1) the ALJ's finding as to Ms. Muirhead's ability to reach in all directions is not supported by substantial evidence, and (2) the ALJ erroneously failed to give Dr. Clemens' opinions controlling weight for the reason that Ms.

4

Muirhead was present when Dr. Clemens filled out his Physical Medical Source Statement. The Court only addresses the second issue because it is dispositive.

## STANDARD OF REVIEW

On appeal, a reviewing court's judicial review of the Commissioner of Social Security's determination that claimant is not disabled within the meaning of the Social Security Act is limited to determining whether the Commissioner applied the correct legal standard and whether the Commissioner's decision is supported by substantial evidence. *Hamilton v. Sec'y of Health &Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990); *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003). If the ALJ failed to apply the correct legal standard, the decision must be reversed, regardless of whether there was substantial evidence to support factual findings. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). In determining whether substantial evidence supports factual findings, substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196; *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). It requires more than a scintilla but less than a preponderance of the evidence. *Lax*, 489 F.3d at 1084; *Hedstrom v. Sullivan*, 783 F. Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Although a reviewing court must meticulously examine the record, it may not weigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

# ANALYSIS

Ms. Muirhead argues that the ALJ should have given Dr. Clemens' opinions controlling weight. According to her, the ALJ rejected his opinions for the sole reason that Ms. Muirhead was present while he filled out portions of his Physical Medical Source Statement. The Commissioner argues that the ALJ provided adequate justification for not giving the opinions controlling weight.

A treating physician's opinion must be given controlling weight if (1) it is well supported by medically acceptable clinical and laboratory diagnostic techniques and (2) it is consistent with the other substantial evidence in the record. *Pisciotta v. Astrue*, 500 F.3d 1074, 1077 (10th Cir. 2007). If either of these requirements is not satisfied, then the opinion is not accorded controlling weight. To give a treating provider's opinion less than controlling weight, the ALJ must give specific and legitimate reasons. *Drapeau v. Massanri*, 255 F.3d 1211 (10th Cir 2001). This requires that the ALJ be specific in describing how the opinion is unsupported by clinical and laboratory diagnostic techniques, or identify how it is inconsistent with substantial evidence in the record. *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004).

If a treating physician's opinion is not given controlling weight, its relative weight must be assessed in comparison to other medical opinions in the record. The factors considered for assessment of weight of all opinions are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Allman v. Colvin*, 813 F.3d 1326, 1331–32 (10th Cir. 2016). None of these factors are controlling; not all of them apply to every case, and an ALJ need not expressly discuss each

factor in his or her decision. *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). However, "the record must reflect that the ALJ *considered* every factor in the weight calculation." *Andersen v. Astrue*, 319 Fed. App'x 712, 718-19 (10th Cir. 2009)(*emphasis* in original). Finally, just as when an ALJ determines whether to give a treating provider's opinion controlling weight, the ALJ must provide legitimate, specific reasons for the relative weight assigned. *Langley*, 373 F.3d at 1119.

As noted above, Dr. Clemens opined that Ms. Muirhead's physical limitations would restrict her ability to sit, stand, walk, lift, twist, climb, stoop, crouch, squat, handle, manipulate, and reach and that she would need four to five unscheduled daily breaks, would be off task for 25% or more of the time, and would be absent for more than four days each month. The ALJ gave these opinions little weight stating,

> [T]he sit/stand/walk restrictions and the number of expected absences provided are not supported by objective medical evidence, or by examples of the claimant's activities found in the record, such as climbing ladders and moving mattresses. [18F, 25F[1], Hearing Testimony] Dr. Clemens's treatment notes and physical examinations do not provide support for the extremely restrictive limitations he provided, and conflict with his most recent notes showing she has adequate pain control. [18F, 25F, 23F[2]] Furthermore, the claimant admitted at the hearing that she filled out the disability opinion forms with Dr. Clemens, which further detracts from their weight, as they appear to be based on the claimant's subjective complaints, not objective medical evidence. [Hearing Testimony]

The Court first notes that this explanation overlooks the obligation of the ALJ to first determine whether Dr. Clemens' opinions were entitled to controlling weight before assigning it a relative weight. It appears that the ALJ simply jumped to the assessment of relative weight. Doing so constitutes legal error. *See Krauser v. Astrue*, 638 F.3d 1324, 1330-31 (10th Cir. 2011). But if the reasons articulated by the ALJ would be sufficient for a determination that Dr.

---

[1]18F and 25F are copies of Dr. Clemens' Physical Medical Source Statement.
[2]23F consists of the records of treatment Ms. Muirhead received from Dr. Clemens from October 7, 2013 to March 24, 2014.

Clemens' opinions should not be given controlling weight, then the error is harmless. Thus, the Court considers whether the reasons given by the ALJ are sufficient for the determination that Dr. Clemens' opinions are not entitled to controlling weight.

The first consideration in determining whether to give Dr. Clemens' opinions controlling weight is whether they are well supported by medically acceptable clinical and laboratory diagnostic techniques. There is no discussion in the Decision as to this factor, and the Court cannot meaningfully review it.

However, if the Dr. Clemens' opinions are not consistent with the substantial evidence in the record – the second factor in the controlling weight analysis – then they are not entitled to controlling weight, even if they are supported by medically acceptable clinical and laboratory diagnostic techniques. With regard to whether a treating physician's opinion is inconsistent with the substantial evidence in the record, the ALJ must specifically identify "those portions of the record with which [the treating physician's] opinion was allegedly inconsistent." *See Krauser v. Astrue*, 638 F.3d 1324, 1331 (10th Cir. 2011). As noted above, the ALJ gave five reasons[3] to find that Dr. Clemens' opinions are not supportable: (1) there is no objective medical evidence to support them; (2) Ms. Muirhead was "climbing ladders and moving mattresses"; (3) they are not supported by Dr. Clemens' treatment notes and physical examinations of Ms. Muirhead; (4) Ms. Muirhead's medications provide her with adequate pain control; and (5) Ms. Muirhead was present a the time the form was completed by Dr. Clemens.

---

[3] In her briefing, Ms. Muirhead does not address all of the reasons the ALJ gave for assigning Dr. Clemens' opinion little weight, focusing only the ALJ's concern that she was present when Dr. Clemens filled out the Medical Source Statement. However, inasmuch as the ALJ committed legal error by failing to use the controlling weight analysis as to Dr. Clemens' opinions, the Court is compelled to address the error completely, even though Ms. Muirhead addressed the issue incompletely.

The ALJ's statements that Dr. Clemens' opinions are not supported by objective medical evidence and are not supported by Dr. Clemens' treatment notes and physical examination are vague and conclusory. The Decision does not identify any such objective evidence or specify what treatment notes are inconsistent with Dr. Clemens' opinions. This is insufficient to satisfy the ALJ's obligation to specifically identify the portions of the record that are inconsistent with the opinions.

Regarding the ALJ's statement that Ms. Muirhead has been climbing ladders and moving mattresses, Ms. Muirhead's hearing testimony and her medical records reflect that she climbed a ladder one time, not multiple times. R. 79, 487-89. She fell from the sixth rung, was injured, and aggravated her already existing neck and back conditions. *Id*. The record also shows that she moved a mattress one time, not multiple times, was injured, and suffered back spasms for approximately three weeks. R. 73, 659, 669-72. The ALJ's statement suggests that Ms. Muirhead's past behavior is indicative of a continuing ability to climb ladders and move mattresses when the evidence suggests precisely the opposite conclusion. Therefore, this does not constitute inconsistence with substantial evidence of record.

Further, whether Ms. Muirhead's medications provide her with pain control does not necessarily support a finding that Dr. Clemens' opinions are not supported by substantial evidence in the record. In treatment notes describing Ms. Muirhead's pain control as adequate, Dr. Clemens also notes that she had pain between 2 and 4 on a scale of 1 to 10, had worsening pain in her spine, and lifting, looking down, looking up, turning to the left, twisting, extension, flexing, carrying, going from sit to stand, sitting, and standing all aggravated her neck and back conditions. 652-53, 658-59, 665-66. He further observed that she had limited ambulation and an irregular gait. R. 653, 661, 666. This evidence tends to support Dr. Clemens' opinions rather than

9

contradict them, and the Decision fails to address the full contents of the treatment notes at issue. An ALJ cannot cherry-pick evidence in support of his decision to deny benefits while failing to discuss contrary evidence, especially when the contrary evidence is contained in the same documentation as the supporting evidence. *See Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (quoting *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996)).

Finally, simply because a claimant may have been present when her treating physician fills out a Medical Source Statement does not correlate with whether the statement is supported by substantial evidence. It is possible that the statement is incorporates subjective complaints of the claimant, but if those subjective complaints are in harmony with objective medical evidence, there is no basis to reject the treating physician's opinion. However, if the treating physician's opinions are based on the claimant's subjective complaints that are not supported by objective medical evidence, it is the ALJ's responsibility to identify specific evidence contradicting the opinion. In this matter, the ALJ did not identify any evidence that contradicts Dr. Clemens' opinions, which prevents meaningful review.

As illustrated, the ALJ's reasons for assigning little weight to Dr. Clemens' opinions are insufficient to demonstrate application of the legal standard that governs evaluation of the opinion of a treating physician. Failure to demonstrate application of the correct legal standard constitutes legal error, requiring reversal and remand. Inasmuch as it has determined that this matter must be reversed and remanded, the Court need not address Ms. Muirhead's remaining argument. *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006).

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this matter is **REMANDED** to the ALJ for further proceedings. The Clerk shall enter a judgment in this matter.

**Dated this 14th day of December, 2017**

BY THE COURT:

Marcia S. Krieger
United States District Court